IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RANDY LEWIS OLAVESON, AMERICANS HUMAN BEINGS ADULTS, and WORLD HUMAN BEING ADULTS, | ) ) ) ) ) | 4:09CV3265 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| UNITED STATES SUPREME COURT JUSTICES, UNITED STATES DEPARTMENT OF THE DRUG ENFORCEMENT AGENCY, UNITED STATES SENATE, HOUSE OF REPRESENTATIVES, The, UNITED NATION, The, and ALL OTHER GOVERNMENTS, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The plaintiff filed his Complaint in this matter on December 28, 2010. (Filing No. 1.)  The plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.)  The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.    SUMMARY OF COMPLAINT

As best as the court can tell, the plaintiff filed his complaint to "have the 1937 marijuana tax act abolish[ed]." (Filing No. 1 at CM/ECF p. 2.)  The plaintiff's 55-page complaint lists the benefits of "cannabis" and declares that "The Declaration of Independence gives the people the right to abolish any intolerant or arbitrary laws." (*Id.* at CM/ECF pp. 10-11, 32-55.)  The plaintiff also seeks relief in the form of a court order that directs the defendants to " teach the history of the cannabis plant and

the value of the plant throughout its economical history with human kind and to have a vote on it of all the world humans." (*Id.* at CM/ECF p. 5.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

After careful review, the court finds that the plaintiff's complaint fails to set forth *any* factual allegations upon which relief may be granted. To the extent that the plaintiff alleges that the "1937 Marijuana Tax Act" is unconstitutional, his complaint is moot. *See. U.S. v. Register*, 496 F.2d 1072, 1076 n.2 (5th Cir. 1974) (explaining that the Marijuana Tax Act was repealed by the Comprehensive Drug Abuse Prevention and Control Act of 1970); *see also* Marijuana Tax Act of 1937, Pub. L. No. 75-238, 50 Stat. 551 (1937) (repealed 1970). Moreover, courts have repeatedly

upheld the constitutionality of the current federal marijuana laws. *Cirineo v. United States*, No. 03 Civ. 6327 (RCC), 2005 WL 1214320, at *7 (S.D.N.Y. May 19, 2005) ("Federal courts across the United States have uniformly held that Congress validly exercised its power under the Commerce Clause when it enacted the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and that local narcotics activity has a substantial effect on interstate commerce."); *United States v. Fry*, 787 F.2d 903, 905 (4th Cir. 1986) (concluding there is "no fundamental right to produce or distribute marijuana commercially"); *United States v. Greene*, 892 F.2d 453, 454 (6th Cir. 1989) (finding that possession of marijuana is not protected by the First Amendment); *Raich v. Gonzales*, 500 F.3d 850, 866 (2007) (concluding that "federal law does not recognize a fundamental right to use medical marijuana prescribed by a licensed physician to alleviate excruciating pain and human suffering"); *United States v. Mass*, 551 F.Supp. 645, 647 (D.N.J. 1982) (stating there is no fundamental right to smoke marijuana). Accordingly, the court will dismiss the plaintiff's complaint without prejudice.

      IT IS THEREFORE ORDERED that:

1.    the plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2.    a separate Judgment will be entered in accordance with this Memorandum and Order.

      Dated March 8, 2010.

                              BY THE COURT

                              s/ Warren K. Urbom
                              United States Senior District Judge